UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

GRAHAM FORSHER, on behalf of himself
and all others similarly situated,

              Plaintiff,        ORDER

        - against -        CV 2015-7180 (RJD)(MDG)

THE J.M. SMUCKER CO.,

              Defendant.

- - - - - - - - - - - - - - - - - - -X

Plaintiff Graham Forsher brings this action on behalf of a putative class against defendant The J.M. Smucker Co. in connection with the marketing and sale of peanut butter with the use of the word "natural" in the name of the product. After serving a motion to dismiss (DE 18), defendant moves for a stay of discovery pending disposition of its motion to dismiss. See DE 20. Plaintiff opposes defendant's application. See DE 22.

## BACKGROUND

In his complaint, plaintiff alleges that defendant's use of the word "natural" with respect to certain peanut butter spreads is false and violates various California and Ohio consumer protection statutes because some products contain sugar manufactured from genetically modified organisms ("GMOs"). Defendant has moved to dismiss the complaint on the grounds that plaintiff's allegation that its peanut butter contains GMOs is purely speculative. Defendant also argues that the action should be dismissed under the safe harbor doctrine because defendant has

complied with the Food and Drug Administration's ("FDA") guidelines. Defendant further argues that the case should be dismissed or stayed under the primary jurisdiction doctrine to permit the FDA to complete its regulatory review of the use of the word "natural." Defendant also argues that plaintiff's claims under Ohio law must be dismissed for lack of standing and extraterritorial application of Ohio statutes. Finally, defendant argues that plaintiff's express warranty claims must be dismissed.

## DISCUSSION

A party seeking a stay of discovery pursuant to Fed. R. Civ. P. 26(c) bears the burden of showing good cause. Brooks v. Macy's, Inc., 2010 WL 5297756, at *1 (S.D.N.Y. 2010); Telesca v. Long Island Hous. P'ship, Inc., 2006 WL 1120636, at *1 (E.D.N.Y. 2006). The pendency of a dispositive motion is not, in itself, an automatic ground for a stay. Id. Rather, a court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case. Hachette Distribution, Inc. v. Hudson County News Co. Inc., 136 F.R.D. 356, 358 (E.D.N.Y. 1991). Courts consider the following factors in determining whether a stay is appropriate: 1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay. See Telesca, 2006 WL 1120636, at

*1; In re Currency Conversion, 2002 WL 88278, at *1 (S.D.N.Y. 2005). Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, the type of motion and whether it is a challenge as a matter of law or to the sufficiency of the allegations, and the posture or stage of the litigation. See Telesca, 2006 WL 1120636, at *1; Hachette Distribution, 136 F.R.D. at 358.

This Court has preliminarily reviewed the papers submitted by the parties with respect to defendant's motion to dismiss plaintiff's claims. The defendant has a substantial argument in favor of staying or dismissing the claims under the doctrine of primary jurisdiction. "Primary jurisdiction applies where a claim is originally cognizable in the courts, but enforcement of the claim requires, or is materially aided by, the resolution of threshold issues, usually of a factual nature, which are placed within the special competence of the administrative body." Golden Hill Paugussett Tribe of Indians v. Weicker, 39 F.3d 51, 58-59 (2d Cir. 1994). "[T]he doctrine seeks to produce better informed and uniform legal rulings by allowing courts to take advantage of an agency's specialized knowledge, expertise, and central position within the regulatory regime." Pharm. Research & Manufacturers of Am. v. Walsh, 538 U.S. 644, 673 (2003) (Bryer, J., concurring).

Although the FDA has not adopted a formal definition of the term "natural," in November 2015, the FDA announced that it would

solicit comments from the public and the food industry concerning "the use of the term 'natural' in the labeling of human food products, including foods that are genetically engineered or contain ingredients produced through the use of genetic engineering." Use of the Term "Natural" in the Labeling of Human Food Products; Request for Information and Comments, 80 Fed. Reg. 69905 (Nov. 12, 2015). That comment period closed on May 10, 2016. See Use of the Term "Natural" in the Labeling of Human Food Products; Request for Information and Comments; Extension of Comment Period, 80 Fed. Reg. 80718 (Dec. 28, 2015). The FDA initiated this review in part because several federal courts had previously requested administrative determinations from the FDA regarding whether food products containing ingredients produced using genetic engineering may be labeled as "natural." See Use of the Term "Natural" in the Labeling of Human Food Products; Request for Information and Comments, 80 Fed. Reg. 69905 (Nov. 12, 2015). Although it is not unusual for a court to make determinations as to whether conduct or statements are misleading, many courts have found that the technical and policy issues raised by plaintiff's claims are better suited to being addressed by the FDA rather than the courts. See Astiana v. Hain Celestial Grp., Inc., 783 F.3d 753, 761 (9th Cir. 2015) (finding that whether produce may be marketed as "natural" is "a particularly complicated issue that Congress has committed to the FDA"); Coyle v. Hornell Brewing Co., 2010 WL 2539386, at *4-*5 (D.N.J. 2010) (determination of "natural or artificial for the

-4-

purpose of food and beverage labeling does not fall within the conventional experience of judges").

Plaintiff points to four cases in their opposition (see DE 21 at 1-2), in which courts addressing motions to dismiss claims involving the use of "natural" to describe food products declined to stay discovery. However, these decisions were all issued before the FDA announced that it would receive comments on the use of the word "natural" for use in food labeling, including on foods that contain ingredients produced through genetic engineering. Each of these courts denying a stay found significant that the FDA had declined to promulgate a rule on which products could be labeled "natural." See Silva v. Smucker Natural Foods, 2015 WL 5360022, at *8 (E.D.N.Y. 2015); Ault v. J.M. Smucker Co., 2014 WL 1998235, at *4 (S.D.N.Y. 2014); Randolph v. J.M. Smucker Co., 2014 WL 1018007, at *6 (S.D. Fla. 2014); Parker v. J.M. Smucker Co., 2013 WL 4516156, at *7 (N.D. Cal. 2013).

In contrast, following the FDA's announcement that it was accepting comments regarding the use of the term "natural" in food labeling, the Ninth Circuit sua sponte remanded an appeal for entry of an order staying a case involving "natural" labeling until the FDA completes its proceedings on use of the term "natural" in food labeling. See Kane v. Chobani, 645 Fed. Appx. 593 (9th Cir. 2016). There, the court distinguished circumstances where "'the agency is aware of but has expressed no interest in the subject matter of the litigation.'" Id. at 594

(quoting Astiana, 783 F.3d at 761). Indeed, as the Second Circuit has noted, "[c]ourts should be especially solicitous in deferring to agencies that are simultaneously contemplating the same issues." Ellis v. Tribune Television Co., 443 F.3d 71, 88 (2d Cir. 2006). Likewise, in this Circuit, just two weeks ago, the Honorable William H. Pauley III granted a stay pending the FDA's rulemaking process of plaintiffs' claims that defendants' "all natural" marketing of its product was deceptive. See In re King LLC "Healthy and All Natural" Litig., --- F. Supp. 3d ---, 2016 WL 4991471, at *6 (S.D.N.Y. Sept. 15, 2016).

Under the circumstances, defendant has made a substantial argument that it is appropriate for the Court to stay the case to allow the FDA the opportunity to take action. See Reese v. Odwalla, Inc., 30 F. Supp. 3d 935, 941-42 (N.D. Cal. 2014) (staying action because use of term "evaporative cane juice" was "under active consideration by the FDA"); Ivie v. Kraft Foods Global, Inc., 2013 WL 685372, at *7 (N.D. Cal. 2013) (dismissing claims under primary jurisdiction where FDA was currently in process of amending regulations).

Last, plaintiff contends that he will be unduly prejudiced by any delay in discovery caused by issuance of a discovery stay. Although the Second Circuit has cautioned that considerations of delay should not be considered in determining whether to apply the doctrine of primary jurisdiction, see Ellis, 443 F.3d at 90, the prejudice to the plaintiff here is a factor this Court also weighs in determining defendant's motion for a stay pending

disposition of their motion to dismiss.  However, this is not the sort of case where claims become stale because witness memories fade or evidence is likely to be lost.  As evidenced in the complaint and plaintiff's memorandum of law in opposition to the motion to dismiss, much of the evidence plaintiff marshalls in support of his claims involves scientific studies and the discovery sought from defendant involves information involving the products and ingredients that would be reflected in documents defendant is obligated to preserve.  See Viggiano v. Johnson & Johnson, 2016 WL 5110500, at *3 (N.D. Cal. June 21, 2016) (recognizing that defendant was required to preserve all relevant documents during stay pending FDA "natural" proceedings).  Plaintiff does not specifically identify how he would be prejudiced by delay.  Moreover, the discovery sought by plaintiff is extremely broad and includes discovery regarding other ingredients in the products at issue.  See Def.'s Responses and Objections to Plaintiff's First Set of Interrogatories (DE 22-2) at 4-5.  On the other hand, defendant could be spared the burden of responding to some discovery if the FDA resolves certain issues.  See Viggiano, 2016 WL 5110500, at *3.

In sum, after weighing the relevant factors, I find that defendant has established good cause to warrant a stay of all discovery pending the Court's ruling on defendant's motion to dismiss.

## CONCLUSION

For the foregoing reasons, the defendant's application for a stay is granted.

**SO ORDERED.**

Dated: Brooklyn, New York
September 30, 2016

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE