# REESE LLP

**Via ECF**

Honorable Raymond J. Dearie                              December 13, 2018
United States District Judge
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Dear Judge Dearie:

      Re:      *Forsher v. The J.M. Smucker Co.*
               Case No. 1:15-cv-07180-RJD-SMG (E.D.N.Y.)

My firm, along with co-counsel, represents Plaintiff in the above-referenced action. We submit the following in response to the Defendant's December 12, 2018 request for a pre-motion conference (ECF No. 54) to transfer this matter and this Court's Order dated December 13, 2018.

First, Plaintiff always has believed, and still believes, that this Court is a proper venue for this matter. Indeed, in similar situations, courts have ruled that venue is proper if the defendant sells its product in the forum. That certainly is the case here, where Jif peanut butter is sold widely throughout Brooklyn and elsewhere in the Eastern District of New York.

Second, given the fact that Defendant litigated this matter for three years before your Honor – including filing motions and appearing in person before your Honor at hearings – it appears that Defendant also agreed that the Eastern District of New York is a proper venue. Indeed, Defendant took advantage of rulings by Your Honor to stay the matter for a lengthy period of time.

Recently, however, Defendant has lost on a number of issues before this Court and apparently now regrets its choice of proceeding before this Court. After almost three years of litigation in the Eastern District of New York, Defendant now is attempting to forum shop by having this matter transferred away. That is improper given that Defendant failed to raise this issue in its pending 12(b)(6) motion to dismiss. *See Miller v. Batesville Casket Co.*, 219 F.R.D. 56, 58 (E.D.N.Y. 2003) ("[A]n objection to improper venue is waived if it is not raised in a 12(b) motion").

While Plaintiff disagrees that transfer is warranted, Plaintiff will agree to have this matter transferred, but only to the Northern District of California. Plaintiff will not agree to Ohio. As Defendant itself points out, the transactions at issue took place in California (specifically in Marin County, which is in the Northern District of California), and the majority of the claims are on behalf of a California class for violation of California statutory law. Accordingly, if this Court were to transfer the matter, the Northern District of California is the venue that has the most nexus with the parties, the facts, and the applicable law. Accordingly, Plaintiff would agree to transfer this case to the Northern District of California, but only to that jurisdiction.

Hon. Raymond J. Dearie
December 13, 2018
Page 2 of 2

      If this Court is inclined to transfer the matter to anywhere else but the Northern District of California, Plaintiff respectfully requests to brief the matter.

                                                Respectfully submitted,

                                                Michael R. Reese